IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02931-CMA-KLM

DEREK THIESS, and
ALBERT THIESS,

    Plaintiffs,

v.

RANDAL MERCER, and
KARIN MERCER,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Leave to File Second Amended Verified Complaint** [Docket No. 38; Filed April 9, 2010] (the "Motion"). Defendants responded in opposition to the Motion on April 22, 2010 [Docket No. 41] and Plaintiffs replied on May 6, 2010 [Docket No. 43]. The Motion is now fully briefed and ripe for resolution. For the reasons set forth below,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.

## I. Factual Background

This action arises from a dispute regarding the landscaping services provided by Plaintiff Derek Thiess to Defendants and the termination of Plaintiff's services before completion of the project. *Amended Complaint* [#29] at 1-2. The landscaping project took place in Colorado, and Plaintiffs, who are citizens of South Carolina, filed this action in federal district court, invoking the Court's diversity jurisdiction. *Id.* at 2.

## II. Plaintiffs' Motion

In the Motion, Plaintiffs request leave to amend their Amended Verified Complaint to add a claim for exemplary damages. In considering Plaintiffs' request, the Court is guided by Colo. Rev. Stat. § 13-21-102. *See Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01890-BNB, 2007 WL 160951, *1-2 (D. Colo. Jan. 17, 2007) (discussing whether Federal Rule of Civil Procedure 15 or section 13-21-102 governs request to amend complaint to add claim for exemplary damages in diversity action, noting lack of definitive opinion on issue in Tenth Circuit, and deciding to apply state statute); *Witt v. Condominiums at the Boulders Ass'n*, No. 04-cv-02000-MSK-OES, 2006 WL 348086, at *7 (D. Colo. Feb. 13, 2006) (finding that court must give effect to Colorado statute in evaluating whether exemplary damages claim properly brought in diversity action); *see also State Farm Mut. Auto Ins. Co. v. Fisher*, No. 08-cv-01687-REB-MEH, 2009 WL 1011194, at *4-5 (D. Colo. April 15, 2009) (applying Colorado exemplary damages statute to determine whether amendment appropriate and considering evidence in light of Rule 15 obligation to freely grant leave to amend); *E&S Liquors, Inc. v. U.S. Fidelity & Guar. Co.*, No. 08-cv-01694-WYD-KLM, 2009 WL 837656, at *2-3 (D. Colo. March 26, 2009) (same).

Pursuant to Colorado law, an award of exemplary damages is permissible when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). "A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes *prima facie* proof of a triable issue." *Id.* § 13-21-102(1.5)(a).

Here, Plaintiffs assert that their claim for exemplary damages is appropriate because Defendants acted "willfully and wantonly." Motion [#38] at 4. "Willful and wanton conduct"

2

is conduct "purposefully committed which the actor must have realized was dangerous, done heedlessly and recklessly, without regard to consequences or to the rights and safety of others, particularly the plaintiff." *Id.* § 13-21-102(1)(b). "Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005) (citations omitted); *see also U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.*, 192 P.3d 543, 549 (Colo. Ct. App. 2008) (describing willful and wanton conduct as conduct that "exhibits an intent consciously to disregard the safety of others [and] extends beyond mere unreasonableness" (quoting *Forman v. Brown*, 944 P.2d 559, 564 (Colo. Ct. App. 1996)).

The parties have made initial disclosures, and now, in order to establish *prima facie* proof of a triable issue, Plaintiffs must articulate "[a] reasonable likelihood that the issue [of whether Defendants' conduct was willful and wanton] will ultimately be submitted to the jury for resolution." *Arapahoe County Water & Wastewater Pub. Improvement Dist. v. HRD Eng'g, Inc.*, No. 08-cv-01788-WYD-KMT, 2009 WL 3158160, at *6 (D. Colo. Sept. 25, 2009) (quoting *Leidholt v. Dist. Court*, 619 P.2d 768, 771 (Colo. 1980)). At this stage of the litigation, the Court is concerned with only whether the evidence, when viewed in the light most favorable to Plaintiffs, is sufficient to make out a *prima facie* case of willful and wanton behavior for the purpose of adding a claim for exemplary damages to the Amended Verified Complaint, and not whether such evidence is sufficient to defeat summary judgment. *See Am. Econ. Ins. Co.*, 2007 WL 160951, at *3 (noting that when deciding appropriateness of amendment under section 13-21-102 court views evidence in light most favorable to moving party); *E&S Liquors, Inc.*, 2009 WL 837656, at *2 (noting that court views evidence

in light most favorable to moving party on a motion to add claim for exemplary damages and differentiating standard from evaluation of whether evidence is sufficient to defeat summary judgment); *see also Leidholt*, 619 P.2d at 769 (noting that the Court "should grant the plaintiff some leeway in establishing his *prima facie* case").

Accordingly, the Court must consider whether Plaintiffs have made a sufficient showing that Defendants were "conscious of [their] conduct and the existing conditions and knew or should have known that injury would result" in order to determine whether Plaintiffs may be allowed to include a claim for exemplary damages. *Coors*, 112 P.3d at 66. Plaintiffs claim that Plaintiff Derek Thiess' copious attempts to keep Defendants informed of the project issues and costs and (1) Defendant Randel Mercer's threat to Plaintiff Albert Thiess; (2) Defendants' knowledge that they owed money to Plaintiff Derek Theiss for services rendered despite their demands for him to pay them money; (3) Defendants' knowingly untruthful and defamatory statements to the Boulder County Court, the Boulder District Attorney and a Denver-based television station; (4) Defendants' omission of relevant documents in response to a subpoena and their signed statement that they had turned over everything called for; and (5) Defendant Karin Mercer's self-serving modifications of bills submitted by Plaintiff Derek Thiess and attempts to pass the modifications off as the actual bills are all evidence, in part, of "willful and wanton conduct" sufficient to permit Plaintiffs to add a claim for exemplary damages. In support, Plaintiffs cite the allegations contained in their Amended Verified Complaint [#29] and "evidence gathered to date–letters, spreadsheets, emails, court documents, and witness statements." *Motion* [#38] at 7.

Defendants counter that Plaintiffs' evidence, consisting of citation to the Amended

Verified Complaint and unproduced documents, does not demonstrate that Defendants possessed the necessary purposeful mental state to support a claim for exemplary damages. *Response* [#41] at 3. Although Defendants argue that a document submitted under penalty of perjury is insufficient to constitute evidence for these purposes, I note that in a more heightened summary judgment review, in the absence of other evidence, a verified pleading is sufficient to create a material dispute. *See, e.g.*, *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) ("Although a nonmoving party may not rely merely on unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).").

Considering that Plaintiffs' evidence must be viewed in the light most favorable to them, *E&S Liquors, Inc.*, 2009 WL 837656, at *2-3, and that leave to amend should be freely granted, Fed. R. Civ. P. 15(a), the Court finds that Plaintiffs have provided sufficient evidence to make out a *prima facie* case of willful and wanton behavior for the purposes of allowing Plaintiffs to add a claim for exemplary damages. While this burden may be met with additional documentation, I find that the detailed and fact-laden Amended Verified Complaint and citation to the existence of other supporting documentary evidence is sufficient here, particularly due to Defendants' admitted destruction of their computers and hard drives after commencement of the case. *See Reply* [#43] at10-11. While not commenting on whether this conduct constitutes spoliation, the Court finds that fairness dictates accepting the present record as *prima facie* proof that Defendants' conduct rises to the level of willful and wanton behavior.

Defendants also argue that Plaintiffs have not made out a claim for exemplary

damages against Defendant Karin Mercer and that Plaintiff Albert Thiess has not made out a claim for exemplary damages against either Defendant. *Response* [#41] at 6-10. Addressing the first contention, Plaintiffs' allegations that Defendant Karin Mercer tampered with bills and passed them off as the actual bills and made knowingly false and defamatory statements to the Boulder County Court, the Boulder District Attorney and a Denver-based news station sufficiently place Defendant Karin Mercer's alleged malicious conduct at issue.

Further, addressing the second contention, it may ultimately be a jury question whether Defendants' alleged willful and wanton conduct was sufficiently directed at Plaintiff Albert Thiess. *See, e.g.*, *Am. Econ. Ins. Co.*, 2007 WL 160951, at *4 (emphasizing that in resolving request to amend pursuant to section 13-21-102, court should consider only the "preliminary question" of whether moving parties made *prima facie* case, not whether any party will ultimately be entitled to those damages). Nevertheless, considering Plaintiffs' verified allegations and supporting facts, I find that Plaintiffs have provided *prima facie* evidence to link Defendants' alleged conduct to Plaintiff Albert Thiess' alleged injury. As noted above, the definition of willful and wanton conduct denotes that the actor has knowledge that his conduct will not only impact the one to whom the conduct is directed but also others. *See* Colo. Rev. Stat. § 13-21-102(1)(b) ("Willful and wanton conduct" is conduct "purposefully committed which the actor must have realized was dangerous, done heedlessly and recklessly, without regard to consequences or to the rights and safety of others, particularly the plaintiff."). Interpreting the evidence in the light most favorable to Plaintiffs, I note that following the alleged threat by Defendant Randel Mercer to Plaintiff Albert Thiess, and knowing that both Plaintiffs would be negatively impacted by carrying out that threat, Defendants engaged in the alleged malicious conduct set forth above.

Although the link is not as clear between this conduct and Plaintiff Albert Thiess (and it remains to be seen whether a jury will agree that he suffered a legal injury), I find that his claim for exemplary damages is sufficient to be subjected to legal scrutiny. Accordingly,

IT IS FURTHER **ORDERED** that the Court accepts Plaintiffs' Second Amended Verified Complaint [Docket No. 38-1, pp. 2-45] for filing as of the date of this Order. The Clerk shall file Docket No. 38-1, pp. 2-45, as a separate document titled "Second Amended Verified Complaint."

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to Plaintiffs' Second Amended Verified Complaint on or before **May 31, 2010**.

Dated: May 7, 2010

BY THE COURT:

s/ Kristen L. Mix
KRISTEN L. MIX
United States Magistrate Judge