IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-02931-CMA-KLM

DEREK THIESS, and
ALBERT THIESS,

    Plaintiffs,

v.

RANDEL MERCER, and
KARIN MERCER,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO DISMISS**

---

This is a tort case for malicious prosecution, abuse of process, outrageous conduct, and defamation arising from the Defendants' actions in a dispute with their former contractor, Plaintiff Derek Thiess. (Doc. # 45.) Defendants have counterclaimed against Plaintiff Derek Thiess. (Doc. # 47 at 35-38.) This matter is before the Court on Plaintiff's February 26, 2010 Motion to Dismiss Defendants' Counterclaims. (Doc. # 28.) Subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

**A.    FACTS**

In September 2008, Defendants Randel and Karin Mercer hired Plaintiff Derek Thiess and his company, Bolder Creations LLC ("Bolder Creations"), to perform a home

improvement project at their home in Boulder, Colorado. (Doc. # 45, ¶¶ 26-27.) At the beginning of the project, Derek Thiess encountered a previously unknown foundation problem and expansive soils. (*Id.,* ¶¶ 28-29, 37.) Nevertheless, he continued working on the project and signed a written contract in December of 2008.[1] (*Id.,* ¶¶ 80-82.) He claims that Defendants underpaid him throughout his work, which undermined his progress. (*Id.,* ¶¶ 84-85.)

Issues with the project continued, culminating in January 2009, when Defendants fired Derek Thiess. (*Id.,* ¶ 100.) Defendants then obtained a restraining order against Derek Thiess and accused him of stealing over $100,000 from them. (*Id.,* ¶¶ 145, 121.) In May, the Boulder District Attorney charged Derek Thiess with felony theft, and he was arrested. (*Id.,* ¶¶ 168-72.) He spent over a week in custody before he was released on bond. (*Id.,* ¶¶ 172-79.) The District Attorney later dropped the charges when Derek Thiess produced accounting documents. (*Id.,* ¶¶ 207-11.) Plaintiffs allege that misleading statements by Defendants were the only reason that Derek Thiess was charged with theft. (*Id.,* ¶ 213.) They also allege that it cost over $75,000 to disprove the charges. (*Id.,* ¶ 214.)

**B.    PROCEDURAL HISTORY**

On December 15, 2009, Plaintiffs Derek and Albert Thiess, Derek's father, filed eight tort claims against Defendants for their actions after they fired Derek Thiess. (Doc. # 1; Doc. # 45). On January 21, 2010, Defendants answered and filed four counterclaims against Plaintiff Derek Thiess. (Doc. # 10 at 28; Doc. # 47 at 35.)

---

[1] Defendants appeared to contract with Bolder Creations, but that is not clear from these pleadings. This ambiguity does not have an impact on the outcome of present order.

Defendants claim: (1) Derek Thiess is liable for conversion because he "and Bolder Creations" did not use the money Defendants paid him for the costs of the project, *i.e.* he put the money towards something other than the project; (2) Derek Thiess is liable under Colo. Rev. Stat. § 38-22-127 because he "and Bolder Creations" did not hold funds paid to him in trust to pay for the project; (3) the corporate form of Bolder Creations should be pierced and Derek Thiess should be liable for its actions; and (4) they are entitled to an accounting for what they paid to Derek Thiess "and Bolder Creations." (Doc. # 47 at 35-39.)

On February 26, 2010, Plaintiff Derek Thiess filed a Motion to Dismiss Defendant's Counterclaims pursuant to Fed. R. Civ. P. 12(b)(7), arguing that Defendants failed to join a required party, Bolder Creations, under Fed. R. Civ. P. 19. (Doc. # 28.) On March 10, Plaintiffs responded (Doc. # 33), and on March 24, Defendant replied (Doc. # 36).

## II. DISCUSSION

### A. STANDARD OF REVIEW

This is a motion pursuant to Fed. R. Civ. P. 12(b)(7), which requires the Court to assess whether a party is a required and indispensable party under Fed. R. Civ. P. 19. In determining whether an absent party should be joined under Fed. R. Civ. P. 19, the Court must undertake a three part analysis. First, the Court must determine whether the "absent [party] is necessary"[2] under Fed. R. Civ. P. 19(a). *Citizen Potawatomi*

---

[2] Although the case law this Court cites uses the word "necessary" to describe a party that must be joined under Fed. R. Civ. P. 19(a)(1), the 2007 Amendments to the Rules changed the word "necessary" to "required." Therefore, the Court will use "required" instead of "necessary," although the precedent it quotes uses the word "necessary." The change

3

*Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001). Fed. R. Civ. P. 19(a) in its pertinent part provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that person be made party. A person who refuses to join as plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Second, if the "absent [party] is necessary, the court must determine whether joinder is feasible," *i.e.*, whether the Court has jurisdiction over the party. *Norton*, 248 F.3d at 997. "Finally, if joinder is not feasible, the court must decide whether the absent [party] is indispensable, *i.e.*, whether in equity and good conscience the action can continue in [its] absence." *Id.* Although the first and third parts of this analysis appear to be the same (because required and indispensable have similar meanings), the Court only comes to the third part of the analysis if it does not have jurisdiction over the party. *Id.* The third part of the analysis asks whether the action should be dismissed because the

---

was stylistic and not substantive; therefore, the two words are interchangeable.

4

required party cannot be joined, looking at the factors outlined in Fed. R. Civ. P. 19(b). *Id.* "The standards set out in Rule 19 for assessing whether an absent party is indispensable are to be applied in a practical and pragmatic but equitable manner. The moving party has the burden of persuasion in arguing for dismissal." *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996), *cert. dismissed*, 520 U.S. 1152 (1997), *and cert. denied*, 520 U.S. 1166 (1997) (citing *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 878 (10th Cir. 1981)) (internal quotations omitted). If the Court, after conducting this three part analysis, concludes that an absent party is required and joining that party is feasible, then it must order the party joined. Fed. R. Civ. P. 19(a)(2).

**B.     ANALYSIS**

Defendants have asserted four counterclaims against Derek Thiess, as stated above. In each counterclaim, Defendants assert that "Derek Thiess and Bolder Creations" are liable to them. (*See* Doc. # 47 at 35-37.) In his motion, Plaintiff Derek Thiess argues that Bolder Creations must be joined as a Third-Party Defendant to these counterclaims for three reasons: (1) in an action to pierce a corporation's veil, the corporation (Bolder Creations) and its owner (Derek Thiess) are required parties; (2) the Court cannot accord complete relief without Bolder Creations as a party; and (3) Derek Thiess may be subject to multiple obligations without Bolder Creations as a party. (Doc. # 28.)

1. <u>Legal Standard – Rule 19 and Piercing the Corporate Veil to Hold Derek Thiess Liable for Conversion</u>

The question whether a corporation whose veil may be pierced must be joined in a suit against an individual who would be liable if piercing were successful has divided the courts. In New York, for example, "shell companies are necessary parties in an action to pierce the corporate veil." *Miramax Film Corp. v. Abraham*, No. 01-CV-5202, 2003 WL 22832384, at *9 (S.D.N.Y. 2003) (unpublished) (citing *Stewart Tenants Corp. v. Square Indus.*, 269 A.D.2d 246, 248 (N.Y. App. Div. 2000)). However, in other jurisdictions, the corporation does not have to be joined when an action is based on piercing the corporate veil. *Vertrue Inc. v. Meshkin*, 429 F. Supp. 2d 479, 505 (D. Conn. 2006); s*ee also Long v. Levinson*, 374 F. Supp. 615, 619 (D. Iowa 1974). The question is unanswered in the Tenth Circuit. *See Mandeville v. Quinstar Corp.*, 109 Fed. Appx. 191, 199 (10th Cir. 2004) (unpublished) (O'Brien, J., concurring) ("[i] wonder but express no opinion because the issue was not raised on appeal, whether [the individual] was an indispensable party" in an action to pierce a corporation's veil); *Amoco Prod. Co v. Aspen Group*, 189 F.R.D. 614, 616 (D. Colo. 1999) (holding that in an action against a corporation – as opposed to an individual in charge of the corporation – to pierce the corporate veil, the corporation and the individuals in charge of the corporation are required parties).

2. <u>Defendants' Counterclaims and Rule 19</u>

    a. *Whether Bolder Creations is a Required Party to Defendants' Counterclaims under Rule 19(a)(1)*

The Court must decide whether, under the factors outlined in Fed. R. Civ. P. 19(a)(1), Bolder Creations is a required party in a suit which seeks to hold Derek Thiess

liable for Bolder Creations' actions. *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001). This is the subject of two of Defendants' four counterclaims: conversion and piercing the corporate veil.[3] The Court must also consider whether Bolder Creations is a required party for Defendants other two counterclaims: violation of Colo. Rev. Stat. § 38-22-127, which also entitles them to an accounting.[4] For several reasons the Court finds that Bolder Creations is a required party to all of Defendants' counterclaims.

First, it is evident from these pleadings, which make extensive reference to Bolder Creations, that the Court cannot accord complete relief between the existing parties without Bolder Creations as a party. Fed. R. Civ. Pro. 19(a)(1)(A). In Defendants' counterclaim for conversion, for example, they state that "Plaintiff Derek Thiess **and** Bolder Creations" should be liable for conversion, but Defendants did not add Bolder Creations as a party. (Doc. # 47 at 35-36 (emphasis added).) Instead, the theory Defendants proceed under is that Derek Thiess and Bolder Creations are a single legal entity for purposes of liability. Thus, they hope to hold Derek Thiess liable for Bolder Creations' actions, as if the two were one and the same, *i.e.*, one is the alter ego of the other. Defendants, however, have not yet established that Derek Thiess and Bolder Creations are a single legal entity. Thus, they cannot assume, at this point, that one is the same as the other. Therefore, because Derek Thiess and Bolder Creations

---

[3] The Court recognizes that piercing the corporate veil is not a claim. Piercing the corporate veil is actually a theory of liability upon which Defendants assert their conversion claim.

[4] Although Defendants listed this accounting claim as one of their counterclaims, it is actually a form of relief that Defendants would be entitled to under Colo. Rev. Stat. § 38-22-127.

are legally distinct and because Bolder Creations' veil has not yet been pierced, both Derek Thiess and Bolder Creations need to be parties in order for the Court to accord complete relief among the current parties.

Furthermore, Bolder Creations may be prejudiced if Derek Thiess is found liable under Colo. Rev. Stat. § 38-22-127.[5]  Fed. R. Civ. P. 19(a)(1)(B)(i) advisory committee's 1966 note.  One of Defendants' counterclaims alleges that Derek Thiess and Bolder Creations did not comply with § 38-22-127, although Defendants' did not join Bolder Creations to this counterclaim.  Unless Bolder Creations is a party, it will not be able to defend itself against this claim.  Although Bolder Creations could defend itself through Derek Thiess if its corporate veil is pierced, Defendants have not yet demonstrated that Bolder Creations' corporate veil should be pierced.  Thus, Bolder Creations would be prejudiced if the action were allowed to proceed without its joinder as a party.

Finally, joining Bolder Creations to the suit serves the purpose of Fed. R. Civ. P. 19.  The purpose of Fed. R. Civ. P. 19 is to prevent "multiple litigation" and preserve judicial economy.  *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110 (1968).  Joinder under Fed. R. Civ. P. 19 serves the "social interest in the orderly, expeditious administration of justice."  John W. Reed, *Compulsory Joinder of Parties in Civil Actions*, 55 Mich. L. Rev. 327, 330 (1957), *quoted in* 7 Charles Alan Wright, Arthur

---

[5]  Colo. Rev. Stat. § 38-22-127, the Mechanics' Lien Trust Fund Statute, provides a cause of action against contractors if they fail to meet its standards.  A civil claim under Colo. Rev. Stat. § 38-22-127 may be asserted against both a corporation and the corporate officer in charge of the project's finances. *Flooring Design Assocs., Inc. v. Novick*, 923 P.2d 216, 221 (Colo. App. 1995); *see also In re Barnes*, 377 B.R. 289, 298 (Bankr. D. Colo. 2007); *In re Regan*, 311 B.R. 271, 278-281 (Bankr. D. Colo 2004), *aff'd*, No. 04-cv-01483-LTB, 2007 WL 1346576, at *2-3 (D. Colo. May 4, 2007); *Alexander Co. v. Packard*, 754 P.2d 780, 782 (Colo. App. 1988).  Here, Defendants assert a claim under this statute against Derek Thiess but not Bolder Creations.

R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1602 (3d ed. 2001).  It is apparent from the pleadings that there is an ongoing dispute between Bolder Creations and Defendants over the home renovation project.  The ongoing dispute means that additional litigation for breach of contract between Bolder Creations and Defendants is possible.  Because additional litigation between Bolder Creations and Defendants is possible,[6] the purpose of Rule 19 would be served by joining Bolder Creations into this suit.  For the above reasons, the Court holds that Bolder Creations is a required party to Defendants' counterclaims.

      *b.*  *Whether Joining Bolder Creations as a Party is Feasible*

However, joinder must also be feasible under the second part of the Fed. R. Civ. P. 19 joinder analysis, *i.e.*, the Court must have jurisdiction over the party.  *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).  Defendants argue that they cannot join Bolder Creations as a Third-Party Defendant (as Plaintiff argues) to their counterclaims.  (Doc. # 33 at 6.)  Defendants' reasoning is that Bolder Creations must instead be joined as a Plaintiff because Bolder Creations and the current Plaintiffs – Derek and Albert Thiess – have identical claims against Defendants for economic losses resulting from the construction project.  (*Id.*)  If Bolder Creations were joined as a Plaintiff, the Court would no longer have subject-matter jurisdiction, because Bolder Creations and Defendants are both Colorado residents.[7]  Thus, Defendants argue that

---

  [6]  Plaintiff Derek Thiess could also be called upon to defend that suit if Defendants successfully pierce Bolder Creations' corporate veil in that suit.

  [7]  This would destroy diversity because complete diversity between all defendants and all plaintiffs is required for federal courts to have jurisdiction over a lawsuit.  *See Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006); *see also Soderstrom v. Kungsholm Baking Co.*,

joinder is unfeasible. (*Id.*) Defendants' premise is incorrect, however. Plaintiffs' claims are not based on the construction project. Plaintiffs are suing Defendants for their actions **after** they fired Bolder Creations from the construction project. In contrast, Defendants' counterclaims are based on what happened **during** the construction project. Because Plaintiffs' claims are unrelated to anything Bolder Creations did, Defendants' counterclaims and Plaintiffs' claims are two distinct sets of claims. Defendants' counterclaims are the only claims based on what happened during the construction project, meaning that Bolder Creations has an interest only in Defendants' counterclaims. Because it would be **defending** against the counterclaims made by Defendants, who are acting as Counter-Claimants, Bolder Creations is properly joined as a Third-Party Defendant to Defendants'/Counter-Claimants' counterclaims.

Diversity will be destroyed if Bolder Creations is joined to the suit as a Plaintiff or as a Third-Party Defendant.[8] The Court may exercise jurisdiction only if Bolder Creations is made a Third-Party Defendant pursuant to 28 U.S.C. § 1367, which provides the Court with supplemental jurisdiction under the following circumstances:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

---

189 F.2d 1008, 1014 (7th Cir. 1951) ("[W]here more than one plaintiff sues more than one defendant and jurisdiction rests on diversity of citizenship, each plaintiff must be capable of suing each defendant." (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806))).

[8] *See supra* note 7.

10

> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Because Bolder Creations would be joined as a Third-Party Defendant pursuant to Rule 19, subsection (a) would allow the Court to exercise supplemental jurisdiction over counterclaims against Bolder Creations. Subsection (a) allows the Court to exercise supplemental jurisdiction over claims involving joinder of additional parties, such as the counterclaims at issue here. Moreover, none of the exceptions in subsection (b) would apply because Bolder Creations would be a Third-Party Defendant joined by the Defendants. Therefore, the Court concludes that joinder is feasible and holds that Bolder Creations must be joined as Third-Party Defendants to all of Defendants' counterclaims.

Because the Court concludes that joining Bolder Creations is feasible, *i.e.*, it has jurisdiction over Bolder Creations, it does not come to the third part of the Rule 19 test, whether Bolder Creations is an indispensable party. *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

### IV. CONCLUSION

Bolder Creations is a required party to all of Defendants' counterclaims under Fed. R. Civ. P. 19(a). Pursuant to Fed. R. Civ. P. 19(a)(2), however, instead of immediately dismissing Defendants' counterclaims, the Court will allow Defendants a

reasonable time to join Bolder Creations to this litigation. Therefore, the Court ORDERS:

1. That Plaintiff Derek Thiess' Motion to Dismiss Defendants' Counterclaims is GRANTED IN PART AND DENIED IN PART.

2. That if Defendants wish to pursue their counterclaims against Plaintiff Derek Thiess, they have 20 days from the date of this order to JOIN Bolder Creations to this litigation. If they do not, Defendants' counterclaims will be DISMISSED WITHOUT PREJUDICE.

DATED: June  25 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge